### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GWENDOLYN WOLITSKI,** ) | |
| ) | |
|     **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 06-cv-642-JLF** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 03-cr-40061** |
| **UNITED STATES of AMERICA,** ) | |
| ) | |
|     **Respondent/Plaintiff.** ) | |

### **MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*28 U.S.C. § 2255.*

In the instant case, the Petitioner was sentenced on April 26, 2004, and the judgment entered on April 30, 2004. She did not file a direct appeal; therefore, for purposes of section 2255, Petitioner's conviction became final in May 2004. *See Moshier v. United States*, 402 F.3d 116, 118 (3rd Cir. 2005) (unappealed federal criminal judgment becomes final for purposes of calculating time to file a § 2255 motion when time for filing direct appeal expires). Petitioner filed the instant motion on August 21, 2006, over two years too late.

None of the exceptions to the statute of limitations can alter this finding. Part of the basis for this action is the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). However, the Seventh Circuit has held that this ruling does not apply retroactively to convictions that were final prior to the Booker decision in January 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

The motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**
**DATED:  October 25, 2006.**

 *s/James L. Foreman*
 **DISTRICT JUDGE**